**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Philly Phlava Original Steaks and Hoagies, Inc., individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>Cal-Maine Foods, Inc., Rose Acre Farms, Inc., Versova Holdings, LLC, Hillandale Farms of Pa., Inc., Hillandale-Gettysburg, LLC., Hillandale Farms East, Inc., and Hillandale Farms, Inc, Daybreak Foods, Inc., Urner Barry Publications, Inc. d/b/a Expana, Egg Clearinghouse, Inc., United Egg Producers, and John Does 1-10,<br><br>   Defendants. | Case No. 26-cv-00417 |

**PLAINTIFF'S RESPONSE TO THE COURT'S**
**MAY 5, 2026 ORDER TO SHOW CAUSE**

Plaintiff respectfully submits this response to the Court's May 5, 2026 Order (ECF 3) requiring Plaintiff to: (1) identify any differences in scope between this case (the "'417 Case") and the consolidated cases in the MDL proceedings, *In re Shell Eggs Antitrust Litigation*, No. 26-md-03175 (W.D. Wis.) ("MDL" or "Consolidated Cases"); and (2) show cause why the '417 Case should be included in the consolidated cases and not be dismissed as duplicative or stayed pending resolution of the consolidated cases. For the reasons set forth below, this case should be included in the consolidated cases for coordinated pretrial proceedings.

**I.      The '417 Case Should be Included in the Consolidated Cases**

Federal Rule of Civil Procedure 42(a) grants a district court the authority to consolidate related actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a).

"[C]onsiderations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). Accordingly, "[c[ourts should consolidate related actions when possible to promote judicial economy, as long as the consolidation does not unduly prejudice any party." *Sky Fed. Credit Union v. Fair Isaac Corp. (In re FICO Antitrust Litig.)*, No. 1:20-CV-02114, 2021 U.S. Dist. LEXIS 189371, at *14 (N.D. Ill. Sep. 30, 2021).

The '417 Case and the Consolidated Cases involve common questions of fact arising from nearly identical allegations that defendants conspired to fix, raise, maintain, and stabilize the price of shell eggs in violation of Section 1 of the Sherman Act, and, in cases brought by indirect purchasers, state antitrust and consumer protection laws. Inclusion of the '417 Case in the Consolidated Cases will therefore reduce duplicative motion practice, streamline discovery, and minimize the risk of inconsistent determinations on overlapping factual and legal issues. Consolidation would therefore promote judicial efficiency, conserve resources, and ensure the just and efficient resolution of all related claims.

The Consolidated Cases include actions brought on behalf of three different proposed classes of plaintiffs: (1) a direct purchaser class, (2) a consumer indirect purchaser class, and (3) a commercial indirect purchaser class. Plaintiff in the '417 Case, Philly Phlava Original Steaks and Hoagies, Inc., brings claims on behalf of the third proposed class - commercial indirect purchasers. To date, only two other complaints by commercial indirect purchasers have been filed: *Nineteenseventynine LLC v. Cal-Maine Foods, Inc., et al.,* Case No. 3:26-cv-00178-jdp (W.D. Wis.), which is part of the Consolidated Cases, and *Cheesecake Funk LLC v. Cal-Maine Foods, Inc., et al.,* Case No. 26-cv-400 (W.D. Wis.) (the "'400 Case"), which was recently filed on April 29, 2026. Plaintiffs in those two actions support consolidation with the '417 Action.

2

Furthermore, no parties will be unduly prejudiced by consolidation. The proceedings in both the '417 Case and the Consolidated Cases are at the same early stage in the proceedings. Leadership for the proposed classes has not been appointed, consolidated class complaints and related motions to dismiss have not been filed and discovery has not yet begun. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 726 F.2d 1150, 1166 n.6 (7th Cir. 1984) (recognizing the belief that "in the long run it is more efficient to consolidate closely-related matters at an early stage rather than run the risk of litigating each one separately over a long period of time.").

## II.    The '417 Action Should Not Be Dismissed or Stayed

As noted above, no party will be prejudiced by consolidation. On the other hand, denying consolidation and dismissing or staying the case will cause substantial prejudice to Plaintiff and the proposed commercial indirect purchaser class. Plaintiff in the '417 Case is meaningfully different from the Nineteenseventynine and the '400 Case (should it be consolidated) actions in ways that could affect the litigation. Most notably, the '417 Case involves a commercial indirect purchaser based in Florida, while the Nineteenseventynine and '400 Case actions involve commercial indirect purchasers based in Arizona and Minnesota, respectively. The damages claims asserted by commercial indirect purchaser plaintiffs arise under the antitrust and consumer protection laws of various states that allow indirect purchasers to recover damages for antitrust violations.

While Plaintiff in the '417 Action believes Rule 23 provides it with the ability to represent a class of commercial indirect purchasers under the laws of all states in which indirect purchaser antitrust claims arise, Defendants are likely to argue that Plaintiff cannot assert claims under the laws of states where it neither resides nor made purchases. For this reason, commercial indirect purchaser plaintiffs intend to include named plaintiffs from as many relevant states as possible, including the '417 Case plaintiff, in the anticipated consolidated amended complaint.

The Court should therefore decline to dismiss or stay the '417 Cases so that Plaintiff can be included as a named representative.

Also, for the reasons discussed in Section I above, staying the case will have the opposite effect of consolidation and result in inefficiencies as the parties will need to engage in duplicative discovery and motion practice once any stay is lifted. These inefficiencies are exactly what consolidation is designed to avoid.

Finally, under Seventh Circuit law, a case should not be dismissed as duplicative unless "the claims, parties, and available relief do not significantly differ between the two actions." *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) (internal quotes omitted). Here, Plaintiff in the '417 Case is not a party to any other related action and brings claims in certain states under the antitrust and consumer protection laws in those states that the other commercial indirect purchasers do not, including Maryland, Massachusetts, and New Jersey. The '417 Case is not duplicative of the Consolidated Cases and should not be dismissed. *See United States v. Quad City Prosthetic, Inc.,* No. 06-4015, 2011 U.S. Dist. LEXIS 84190, at *24 (C.D. Ill. Aug. 1, 2011) (denying motion to dismiss separate unjust enrichment counts as duplicative and unnecessary that involve different plaintiffs and different statutory provisions); *see also Collins v. Cook Cty.*, No. 18 C 2665, 2019 U.S. Dist. LEXIS 16309, at *11 (N.D. Ill. Feb. 1, 2019) (declining to exercise authority to dismiss litigation as duplicative where plaintiff sued different defendants).

Additionally, while the underlying allegations of Defendants' misconduct in the '417 Case and the Consolidated Cases involve common questions of fact and law, Plaintiff's claims remain distinct and independent, even if consolidated. *Bahn v. Korean Airlines Co. (In re Korean*

*Air Lines Co.)*, 642 F.3d 685, 700 (9th Cir. 2011); *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015).

### III.    Conclusion

Plaintiff respectfully requests that the Court decline to dismiss or stay the '417 Case and instead include it with the Consolidated Cases in the MDL for coordinated pretrial proceedings.

Dated: May 6, 2026

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

 */s/ Laura K. Mummert*
Laura K. Mummert
Steven J. Greenfogel*
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(267) 314-7980
lmummert@litedepalma.com
sgreenfogel@litedepalma.com

Joseph J. DePalma*
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, NJ 07102
(973) 623-3000
jdepalma@litedepalma.com

*Attorneys for Plaintiff and the Putative Class*

**Pro Hac Vice Forthcoming*